UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ONE STEP UP LTD.,

                    *Plaintiff*,

    v.

EMPIRE APPAREL LLC,
And ASSAF COHEN,

                    *Defendants*.

No. 21-CV-5392 (PAC) (RWL)

**ORDER ADOPTING REPORT & RECOMMENDATION**

---

    The parties to this trademark infringement and unfair competition lawsuit have filed cross-motions seeking to amend their pleadings. Plaintiff One Step Up Ltd. moves to amend its complaint by adding an additional defendant, Stephanie Goldman, and asserting additional fraud and unjust enrichment claims. Meanwhile, Defendants Empire Apparel LLC and Assaf Cohen seek to add a breach of contract claim against a proposed third-party defendant: One Step's principal, Harry Adjmi.

    On April 13, 2022, Magistrate Judge Robert W. Lehrburger issued a Report & Recommendation advising that this Court grant Plaintiff's motion and deny Defendants' motion. *See* R&R, ECF No. 41. The Report & Recommendation noted that the parties' only objections to their adversaries' proposed amendments were on futility grounds. *Id.* at 7 (citing *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim . . . .")). It then reasoned that Plaintiff's proposed amendment would *not* be futile because Plaintiff's underlying allegations (1) satisfy the heightened pleading standards set forth under Rule 9(b) of the Federal Rules of Civil Procedure, and (2) otherwise plausibly plead the existence of an

1

unlawful inflated-price scheme perpetrated by Defendants Cohen and Goldman. R&R at 8–11. Conversely, the Report & Recommendation concluded that Defendants' proposed amendment *would* be futile because Defendants' underlying allegations failed to demonstrate either (1) a contractual relationship between Defendants and Adjmi personally or (2) grounds to pierce the corporate veil. *Id.* at 13–19.

The Report & Recommendation further warned that a failure to file written objections within fourteen days would result in a waiver of objections and preclude judicial review. *Id.* at 19.

To date, no party has objected. "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the fact of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed the Report & Recommendation in its entirety, along with all relevant supporting documents, and finds that the Report & Recommendation is "thorough, well-reasoned, and free of any clear error." *Skyrocket, LLC v. Comeyun*, No. 19-cv-11623 (PGG) (RWL), 2022 WL 2712852, at *2 (S.D.N.Y. July 13, 2022).

Finding no clear error, the Court **ADOPTS** the Report & Recommendation in full. The Clerk of Court is directed to terminate the motions at ECF Nos. 25, 26, and 27.

Dated: New York, New York
September 9, 2022

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge