USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2023

**LAZARUS & LAZARUS, P.C.**
COUNSELLORS AT LAW

240 MADISON AVENUE 8TH FL.
NEW YORK, N.Y. 10016

TEL: 212-889-7400
FAX: 212-684-0314

December 8, 2023

**VIA ECF**

Hon. Magistrate Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re: *One Step Up, Ltd. v. Empire Apparel LLC et al.*, 21-cv-05392

Judge Lehrburger:

      As the Court is aware, we are counsel for Plaintiff One Step Up, Ltd. ("Plaintiff") in the above-referenced action (the "Action"). We respectfully write, in accordance with Local Rule 37.2 and Your Honor's Individual Rules and Practices, to request a pre-motion discovery conference regarding a discovery issue that has arisen concerning nonparty, Interstate Equities, Inc. ("Interstate") who was served with a subpoena for documents and deposition testimony and has failed to comply with such subpoena.

      As the Court is aware, this litigation arises out of Defendants Empire Apparel, LLC ("Empire") and Assaf Cohen ("Cohen") (collectively the "Defendants") use and sale of garments containing Plaintiff's registered trademarks or marks that are confusingly similar to and infringe upon Plaintiff's marks.

      During the November 7, 2023 continued deposition of Empire's 30(b)(6) witness (Cohen), issues came to light concerning sales to and from Interstate and the parties. Cohen testified that certain Bushwick Industries marked goods (the "Goods"), that Plaintiff maintains infringed Plaintiff's Bushwick Industries trademark, were in fact sold by Plaintiff to Interstate and Empire then resold the Goods, allegedly on behalf of Interstate, to retailers. Cohen testified that payments from retailers were paid by Empire to Interstate.

      After the November 7, 2023 deposition, Plaintiff checked its records for sales to Interstate. Plaintiff found approximately 36,680 units of Goods were sold (by Cohen on behalf of Plaintiff) to Interstate shortly before Cohen terminated his alleged profit-sharing relationship with Plaintiff and began conducting business primarily through Empire. Such sales were at significantly lower prices (between .50 cents and $1.10 per unit) than Plaintiff's typical sales price per unit (avg. $3.30 per unit). Plaintiff maintains that such sales were facilitated by Cohen to Interstate so that Empire would have inventory to sell to retailers upon Cohen's exit from his business relationship with

1

Plaintiff. Empire, in fact, sold such Goods to retailers (purportedly on behalf of Interstate) for between $2.50 and $4.50 per unit.

Accordingly, Plaintiff subpoenaed Interstate for records relating to such sales and concerning Interstate's business relationship with Empire/Cohen (the "Subpoena").[1] Beginning on November 7, 2023, Plaintiff attempted to serve the Subpoena on Interstate at the address for Interstate listed on the New York Secretary of State website. Plaintiff also tried to serve Interstate at an address provided by Defendants' counsel. Service attempts were unsuccessful. Plaintiff eventually served Interstate via the New York Secretary of State on November 21, 2023. A copy of the Subpoena is attached hereto as ***Exhibit 1.*** Between November 7- November 29, 2023, Plaintiff also emailed copies of the Subpoena to Joel Gross[2] of Interstate at joel@interstate-equities.com. See emails attached hereto as ***Exhibit 2.*** None of the emails bounced back. However, the undersigned did not receive a response from Interstate via email.

On the November 30, 2023 subpoenaed deposition date, despite multiple email and phone calls to Interstate, no witness appeared on behalf of Interstate.

Yesterday, the undersigned received a correct phone number for Mr. Gross and briefly spoke with Mr. Gross concerning the Subpoena. Mr. Gross was not willing to disclose if he received the Subpoena via mail or email. Mr. Gross was not amenable to producing documents or providing a proposed deposition date. Mr. Gross advised that he would speak with an attorney and get back to the undersigned. Mr. Gross was also unwilling to provide the undersigned with an email address so that the undersigned could send another copy of the Subpoena to Mr. Gross via email for review with an attorney.

Given the centrality of this issue to certain transactions subject of this trademark infringement case, Interstate's failure to comply with the Subpoena and lack of cooperation to date, Plaintiff respectfully requests a discovery conference and/or for the Court to hold Interstate in contempt. Plaintiff also respectfully requests additional time to complete discovery, given Interstate's noncompliance to date.

---

[1] At and after the deposition, Plaintiff also requested that Defendants produce records and communications of or relating to their transactions with Interstate and payments between Empire and Interstate. Defendants have produced some documents, communications and payment records but is unclear if such production is complete and encompasses all communications and payments between Empire and Interstate from 2019- present. We have requested that Defendants supplement their production by December 12, 2023. Moreover, the documents produced by Empire to date do not reflect what the particulars of the arrangement between Empire and Interstate were or contemporaneous payments from Empire to Interstate for the initial purchase of the Goods from Plaintiff.

[2] Based on the communications produced by Defendants, most communication with Interstate were with Mr. Gross at his email address joel@interstate-equities.com. Mr. Gross is also listed as an individual affiliated with Interstate on the New York Secretary of State website. See ***Exhibit 3.***

We thank you for your time and consideration of this matter.

Respectfully submitted,

Yvette D Sutton, Esq.

cc: All counsel of Record (via ECF)

The relief requested is denied without prejudice as premature. Per the letter, Plaintiff only first spoke with Mr. Gross the day before the letter, and Mr. Gross indicated he wanted to speak with an attorney and would get back to Plaintiff. If Plaintiff does not hear from Mr. Gross directly or by representative by January 2, 2023, Plaintiff may move to enforce the subpoena. As for an extension of time to complete discovery, Plaintiff must first meet and confer with Defendant and then propose specific dates for the new schedule.

SO ORDERED:

12/11/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE