UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                              :

ONE STEP UP, LTD.,                     :

                             :    **ORDER ADOPTING REPORT**
                  Plaintiff,       :    **AND RECOMMENDATION OF**
                              :    **MAGISTRATE JUDGE ON**
     -against-                    :    **MOTION FOR SUMMARY**
                              :    **JUDGMENT**

EMPIRE APPAREL LLC, ASSAF COHEN, and   :
STEPHANIE GOLDMAN,           :    21 Civ. 5392 (AKH)

                              :
               Defendants.      :
                              :

-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On February 2, 2026, Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation recommending that I deny the motion for summary judgment as to all claims but grant it with respect to the likelihood of confusion and dilution elements of One Step's trademark claims. *See* ECF No. 164. Neither party filed objections to the Report pursuant to 28 U.S.C. § 636(b)(1).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2). However, the court need only apply clear error review when a party does not file objections. *Bunbury v. Commissioner of Soc. Sec.*, 18-cv-10722, 2019 WL 6830204, at *1 (S.D.N.Y. Dec. 13, 2019).

I have reviewed Magistrate Judge Lehrburger's Report and have found no clear error. Accordingly, I adopt the Report and Recommendation in its entirety. However, I note that several of One Step's claims are duplicative, which shall be addressed at a later date.

First, as explained by Judge Lehrburger, One Step's claims relating to trademark infringement (Counts 1, 2, 3, 4, 5, 6, and 7) cannot be decided on summary judgment because issues of fact remain regarding the ownership of the trademarks.  Should One Step establish sole ownership, it may renew its motion that there is a likelihood of confusion and dilution.

Second, One Step's claims related to alleged fraud from Bow Wow (Count 8) are denied summary judgment.  Issues of fact and disputes regarding whether a scheme to defraud One Step exist and preclude summary judgment.

Third, One Step's claims for fraud, unjust enrichment, and conversion relating to the Interstate and LAF (Counts 9, 10, and 11) are denied summary judgment.  For each, there are material disputes of fact as to whether Cohen acted inconsistently with the interests of Empire Division or outside of the scope of his authorization.

Finally, One Step's claims against Goldman as a faithless servant (Count 12) are denied summary judgment.  Issues of fact exist regarding Goldman's status as an employee of both Empire Apparel and One Step that preclude summary judgment.

The parties shall appear for a status conference on April 17, 2026 at 10 a.m.  The Clerk of Court shall terminate ECF No. 146.

SO ORDERED.

Dated:    March 19, 2026                    /s/ Alvin K. Hellerstein
          New York, New York              ALVIN K. HELLERSTEIN
                                          United States District Judge